# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| AMERICAN STANDARD INSURANCE COMPANY OF OHIO, | ) ) ) | CIVIL ACTION |
| | ) ) | FILE NO. _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DAKARAI MASON, DECEASED, ERIN MASON, DECEASED, TITUS MASON, A MINOR, DECEASED, NOAH MASON, A MINOR, BRANDON CRAWFORD, A MINOR, DECEASED, AIMEE ODOM, DECEASED, VICTORIA HAMES, TERESA DEANGEL, WILLIAM DEANGEL, DONNA PLEMONS, GABRIELLA PLEMONS, A MINOR, and MICHAEL PHELPS, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR INTERPLEADER, DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, American Standard Insurance Company of Ohio (hereinafter referred to as "American Standard" or "Plaintiff"), respectfully submits this Complaint for Interpleader, Declaratory and Injunctive Relief pursuant to 28 U.S.C. § 1335, 28 U.S.C. § 2201 and Federal Rule(s) of Civil Procedure 22 and 67.

## SUMMARY OF THE ACTION

1.

This Action arose out of a tragic automobile collision which occurred on May 19, 2024, on Interstate 75 South, one mile north of the Red Top Mountain exit.

2.

A vehicle operated by Dakarai Ali Mason ("the Mason vehicle") was traveling north on Interstate 75 in the left lane.

3.

A vehicle operated by Victoria Hames ("the Hames vehicle") was traveling south on interstate 75 in the left lane.

4.

A vehicle operated by Aimee Elizabeth Odom ("the Odom vehicle") was traveling south on Interstate 75 in the middle lane.

5.

A Kenworth tractor trailer operated by Michael Phelps ("the Phelps tractor trailer") was traveling south on Interstate 75 in the right lane.

6.

A vehicle operated by Teresa Deangel ("the Deangel vehicle") was traveling south on Interstate 75 in the left lane behind the Hames vehicle.

7.

Immediately prior to the accident, the Mason vehicle crossed the Interstate 75 median, striking the Hames vehicle and created a chain reaction collision involving all five (5) vehicles.

8.

The occupants of the Mason vehicle were driver Dakarai Mason, his wife Erin Mason, and Brandon Crawford (a stepson). Additional passengers were the couple's children Noah and Titus Mason. Upon information and belief, all the occupants of the Mason vehicle were pronounced dead at the scene except for Noah Mason and Titus Mason. Titus was taken by life flight to Scottish Rite Hospital in Atlanta where he later died. Noah Mason was taken to WellStar Kennestone Hospital in Marietta, Georgia and fortunately survived the Accident.

9.

Victoria Hames was the sole occupant of the Hames vehicle. Upon information and belief, Ms. Hames was taken by Life Force to Grady Memorial Hospital in Atlanta. Ms. Hames fortunately survived the Accident.

10.

Aimee Elizabeth Odom was the sole occupant of the Odom vehicle. She was pronounced dead at the scene.

11.

Michael Phelps was the sole occupant of the Phelps tractor trailer. According to the accident report, Mr. Phelps made no injury complaints and was not taken from the scene of the Accident.

12.

The occupants of the Deangel vehicle were Teresa Deangel, the driver, William Deangel, a front seat passenger, Donna Plemons, a back seat passenger, and Gabriella Plemons, a back seat passenger. All occupants of the Deangel vehicle were taken to WellStar Kennestone Hospital in Marietta, Georgia.

**JURISDICTION AND VENUE**

13.

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1335, as this is an interpleader action involving: (1) a sum of money exceeding $500.00; (2) two or more adverse claimants, who are citizens of different states who are claiming or may claim to be entitled to such money; and (3) American Standard will deposit the stake at issue into the registry of the Court upon obtaining permission of the Court to do so.

14.

This Court has personal jurisdiction over all Defendants, as they have made or may make claims to the money.

15.

Venue is proper in this District under 28 U.S.C. § 1397, as the property at issue is located within the District.

## PARTIES

16.

Plaintiff American Standard is a Wisconsin corporation with its principal place of business in Madison, Wisconsin.

17.

Upon information and belief, prior to their deaths, Dakarai Mason, Erin Mason, Noah Mason and Titus Mason were citizens of the State of Georgia and resided at 44 Cass Station Drive, N.W. Cartersville, Bartow County, Georgia, 30120. The Estates of these Defendants are subject to the jurisdiction of this Court and venue as to them is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2). Upon information and belief, these Defendants are represented by Wm. Morgan Akin, Esq, and S. Lester Tate, III, Esq., Akin & Tate, P.O. Box 878, Cartersville, Georgia, 30120. The Firm has agreed to accept service on behalf of its Clients.

18.

Upon information and belief, prior to his death, Defendant Brandon Crawford, a minor, was a citizen of Georgia and resided at 44 Cass Station Drive, N.W., Cartersville, Bartow County, Georgia 30120. Brandon Crawford is subject to the jurisdiction of this Court and venue as to him is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2). Brandon Crawford is represented by Harold J. Choate, III, Esq. and W. Anthony Moss, Esq., White & Choate, 100 West Cherokee Avenue, Cartersville, Georgia 30120. The Firm has agreed to acknowledge service on behalf of its Client.

19.

Upon information and belief, prior to her death, Defendant Aimee Odom was a citizen of Georgia and resided at 11 Cannonade Run, N.E., Cartersville, Bartow County, Georgia 30121. Aimee Odom is subject to the jurisdiction of this Court and venue as to her is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2). Ms. Odom is represented by Hunter Burkhalter, Esq., The Burkhalter Firm, 324 Broad Street, Rome, Georgia 30161. Mr. Burkhalter has agreed to accept service on behalf of his Client.

20.

Upon information and belief, Defendant Victoria Hames is a citizen of Georgia and a resident of Bartow County, Georgia and may be personally served at 56 Mission Hills Drive, SW, Cartersville, Georgia 30120. Defendant Victoria Hames is subject to the jurisdiction of this court and venue as to her is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2). Ms. Hames is represented by Nola Jackson, Esq., Werner Law, 2860 Piedmont Road, N.E., Atlanta, Georgia 30305.

21.

Upon information and belief, Defendant Teresa Deangel is a citizen of Florida and a resident of Palm Beach County, Florida and resides at 8630 Tally Ho Lane, Royal Palm Beach, FL 33411. Defendant Teresa Deangel is subject to the jurisdiction of this court and venue as to her is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2). Upon information and belief, Teresa Deangel is represented by Michael Regas, Esq., Stone Law Group, 5229 Roswell Road, N.E., Atlanta, Georgia 30342.

22.

Upon information and belief, Defendant William Deangel is a citizen of Florida and a resident of Palm Beach County, Florida and resides at 8630 Tally Ho Lane, Royal Palm Beach, FL 33411. Defendant William Deangel is subject to the

jurisdiction of this court and venue as to him is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2). Mr. Deangel is also represented by Michael Regas, Esq.

23.

Upon information and belief, Defendants Donna Plemons and Gabriella Plemons, a minor, are citizens of Tennessee and reside at 5428 Bungalow Circle, Hixson, Hamilton County, Tennessee 37343. Donna Plemons and Gabriella Plemons, a minor, are subject to the jurisdiction of this court and venue as to them is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2). Donna and Gabriella Plemons are also represented by Michael Regas, Esq.

24.

Upon information and belief, Defendant Michael Phelps is a citizen of Georgia and resident of Henry County, Georgia and may be personally served at 10 Lindsey Court, McDonough, GA 30252. Defendant Michael Phelps is subject to the jurisdiction of this court and venue as to him is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2). Mr. Phelps has not made a claim to date and is unrepresented.

25.

American Standard files this action pursuant to the Federal Interpleader Act, 28 U.S.C. § 1335 (a) (1) and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

26.

The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between American Standard and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of costs.

27.

Venue is proper in the United States District Court for the Northern District of Georgia.

**STATEMENT OF THE INTERPLEADER ACTION**

28.

American Standard, one of the American Family Insurance Group of Companies, issued a Family Car Policy to Defendant Erin Mason, more particularly described as Policy Number 41071-74166-81 ("the Policy") for the Policy Period March 27, 2024, through September 27, 2024.

29.

A certified copy of the Policy is attached to this Complaint marked as Exhibit "A".

30.

The Policy had bodily injury liability limits of $300,000.00 per occurrence and property damage liability limits of $100,000.00.

31.

The Policy was in full force and effect on May 19, 2024, the date of the tragic Accident.

32.

Defendant Dakarai Mason was a rated driver on the Policy.

33.

Except for Defendant Michael Phelps, all the named Defendants, through counsel, have notified American Standard of their intent to make a claim against the Policy.

34.

American Standard has been notified that claims will be made on behalf of all deceased claimants. With the exception of Defendant Dakarai Mason, estates have not been opened for the Deceased Defendants at this time.

35.

The number of asserted claims against the Policy proceeds exposes American Standard to multiple conflicting claims.

36.

American Standard is in doubt as to which Defendants are entitled to the bodily injury and property damage limits available under the Policy.

37.

American Standard cannot determine which of the asserted claims are valid without exposing itself to potential multiple litigation.

38.

Concurrently with the filing of this Complaint, and pursuant to LR 67.1, American Standard has filed a Motion to deposit the sum of $300,000.00, representing the total available bodily injury liability limits of the Policy into the registry of the Court.

39.

In addition to the bodily injury liability limits of $300,000.00, American Standard will deposit the sum of $100,000.00, representing the property damage liability limits available under the Policy.

40.

Due to the competing claims of the Plaintiffs, American Standard seeks interpleader relief under 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22 to resolve the competing claims to the available Policy limits.

## DECLARATORY RELIEF

41.

American Standard is unable to resolve the competing claims of the Plaintiffs to the available limits of the Policy.

42.

American Standard is therefore entitled to a judicial declaration that it has met its obligations to its insureds and all Defendants by paying all available Policy limits into the Registry of the Court.

43.

Plaintiff therefore seeks declaratory relief under 28 U.S.C. § 2201 to determine the respective rights and obligations of the parties to the available Policy Limits.

## INJUNCTIVE RELIEF

44.

Simultaneously with the filing on the instant Complaint, American Standard, pursuant to Rule 67 (a) of the Federal Rules of Civil Procedure, filed a motion to deposit the sum of $400,000, representing all sums available under the Policy.

45.

American Standard has no interest in the funds deposited as said funds represent a finite amount of money for the satisfaction of multiple claims.

46.

If American Standard distributes the available funds incorrectly, it could face lawsuits by any unsatisfied claimant.

47.

Because interpleader is proper, the Court should dismiss American Standard from the case and discharge it from any liability arising out of the underlying Accident upon a finding that it is a disinterested stakeholder.

WHEREFORE, American Standard respectfully requests that this Court (1) order each Defendant to interplead and settle among themselves their respective rights to the money; (2) permit Plaintiff to deposit $400,000 in Policy limits into the registry of the Court; (3) discharge Plaintiff (and its directors, officers, managers, and employees) from all liability under the insurance policies referenced above; (4) fully discharge Plaintiff (and its officers, directors, managers and employees) from all further liability arising out of the underlying incident that occurred on May 19, 2024 and; (5) award such other and further relief as this Court deems just and proper.

I certify this document has been prepared in Times New Roman 14-point font.

Respectfully submitted this 7th day of August 2024.

- 14 -

                                      **KERSHAW WHITE LLC**

                                      *<u>/s/ R. Patrick White</u>*

5881 Glenridge Drive, Suite 100   **R. PATRICK WHITE**
Atlanta, GA  30328   Georgia Bar No. 754806
470-443-1100 main phone
470-344-0992 direct dial   ***Counsel for Plaintiff***
404-748-1179 fax   ***American Standard Insurance***
*patrick.white@kershawwhite.com*   ***Company of Ohio***